UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

---

| | |
|---|---|
| IN RE: | CASE NO. 09-23646 (ASD) |
| ROBERT F. RAE, a/k/a<br>ROBERT F. LILLY, | CHAPTER 7 |
| DEBTOR | |

---

| | |
|---|---|
| | ADV. PRO. NO. 10-02014 |
| ROBERT F. RAE, a/k/a<br>ROBERT F. LILLY, | |
| | Re: ECF NO. 12 |
| PLAINTIFF | |
| v. | |
| UNITED STATES OF AMERICA,<br>INTERNAL REVENUE SERVICE[1], | |
| DEFENDANT | |

---

**BRIEF MEMORANDUM AND ORDER
DENYING PLAINTIFF'S MOTION FOR SANCTIONS**

---

[1]Because "Congress has not authorized federal court actions against the Department of the Treasury and the IRS," *Galin v. I.R.S.*, 563 F.Supp.2d 332, 337 (D.Conn. 2008), and because "[a]ctions against the IRS are deemed actions against the United States," *Gavigan v. Com'r. I.R.S.*, 2007 WL 1238651, at *4 (D.Conn. April 27, 2007), the Court treats this adversary proceeding as one brought against the United States.

ALBERT S. DABROWSKI, United States Bankruptcy Judge

Before the Court is the *Plaintiff's United States' (sic) Motion to Penalize IRS Defendant - For Violating Bankruptcy Code* (hereafter, the "Motion for Sanctions"), ECF No. 12, filed by the Debtor-Plaintiff, Robert F. Rae, a/k/a Robert F. Lilly (hereafter, the "Plaintiff"), wherein the Plaintiff seeks damages against the United States Internal Revenue Service (hereafter, the "IRS") for allegedly violating the Bankruptcy Code by attempting to collect a debt from the Plaintiff in connection with taxes assessed upon him for tax years 2000 through 2006. To the extent that the Motion for Sanctions also reiterates the Plaintiff's objection to the IRS' Motion to Dismiss his pending adversary proceeding the matter shall be resolved by separate memorandum and order.[2] Although failing to cite the specific statutory authority upon which he relies, the Plaintiff seeks damages against the IRS for generally violating the Bankruptcy Code[3] by virtue of its attempts to collect a tax debt by filing, on July 5, 2010, various Notices of Intent to Levy.

The Debtor filed a voluntary Chapter 7 petition on December 16, 2009, and received his discharge on March 17, 2010. Section 524(a)(2) of the Bankruptcy Code provides that a discharge

> operates as an injunction against the commencement or continuation of an action, the employment of process, or an act to collect, recover or offset any . . . debt as a personal liability of the debtor, whether or not discharge of such debt is waived.

---

[2] The Plaintiff appeared and objected at a hearing held May 6, 2010, on the Defendant's . . . *Motion to Dismiss for Lack of Jurisdiction* (heretofore and hereafter, the "Motion to Dismiss"), ECF No. 9. The Motion for Sanctions also requests "the court to deny the [Motion to Dismiss] and . . . that a determination be made (in this court) as soon as possible." A memorandum and order resolving the Motion to Dismiss enters simultaneously herewith.

[3] The Court interprets the Plaintiff's Motion for Sanctions to allege a violation by the IRS of the discharge injunction, 11 U.S.C. § 524.

2

11 U.S.C. § 524(a)(2).

In 1998, Congress passed the Internal Revenue Service Restructuring and Reform Act of 1998 (hereafter, the "Act") which, *inter alia*, amended the Internal Revenue Code to provide damages against the IRS for willfully violating the automatic stay of Bankruptcy Code § 362 or the discharge injunction of Bankruptcy Code § 524.[4] Specifically, the Act amended 26 U.S.C. § 7433 by adding subsection (e), thereby providing the exclusive remedy for a taxpayer to seek damages against the IRS for such violations. Section 7433(e) provides as follows:

> (e) Actions for violations of certain bankruptcy procedures.--
>
> > (1) In general.--If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service willfully violates any provision of section 362 (relating to automatic stay) or 524 (relating to effect of discharge) of title 11, United States Code (or any successor provision), or any regulation promulgated under such provision, such taxpayer may petition the bankruptcy court to recover damages against the United States.
> >
> > (2) Remedy to be exclusive.--
> >
> > > (A) In general.–Except as provided in subparagraph (B), notwithstanding section 105 of such title 11, such petition shall be the exclusive remedy for recovering damages resulting from such actions.
> > >
> > > (B) Certain other actions permitted.--Subparagraph (A) shall not apply to an action under section 362(h) of such title 11 for a violation of a stay provided by section 362 of such title; except that–
> > >
> > > > (i) administrative and litigation costs in connection with such an action may only be awarded under section 7430; and

---

[4] Pub. L. No. 105-206, §3102, 112 Stat. 685 (1998).

3

>   > (ii) administrative costs may be awarded only if incurred on or after the date that the bankruptcy petition is filed.

26 U.S.C. § 7433(e).

Treasury Regulation § 301.7433-2, which implements 26 U.S.C. § 7433, requires a taxpayer asserting a cause of action for a willful violation of the discharge injunction by the IRS to first file an administrative claim before bringing an action in the bankruptcy court for damages arising from the violation. Treasury Regulation 301.7433-2 provides, in pertinent part:

> (a) In general.
>
>> (1) If, in connection with the collection of a federal tax with respect to a taxpayer, an officer or employee of the Internal Revenue Service willfully violates any provision of section 362 (relating to the automatic stay) or section 524 (relating to discharge) of title 11, United States Code, or any regulation promulgated under such provision, the taxpayer may file a petition for damages against the United States in Federal bankruptcy court . . .

Treas. Reg. § 301.7433-2(a). However, this taxpayer remedy is limited by the following provision in subsection (d):

> *(d) No civil action in federal bankruptcy court prior to filing an administrative claim–*
>
>> *(1) In general.*
>> *Except as provided in paragraph (d)(2) of this section, no action under paragraph (a)(1) of this section shall be maintained in any bankruptcy court before the earlier of the following dates--*
>>
>>> *(i) The date the decision is rendered on a claim filed in accordance with paragraph (e) of this section; or*
>>>
>>> *(ii) The date that is six months after the date an administrative claim is filed in accordance with paragraph (e) of this section.*
>
>> (2) When administrative claim filed in last six months of period of limitations. If an administrative claim is filed in accordance with

>paragraph (e) of this section during the last six months of the
>period of limitations described in paragraph (g) of this section,
>the taxpayer may petition the bankruptcy court any time after the
>administrative claim is filed and before the expiration of the
>period of limitations.

Treas. Reg. § 301.7433-2(d) (emphasis added).

Having failed to sufficiently establish that he filed an administrative claim with the appropriate entity within the IRS concerning the alleged violation of the discharge injunction prior to the filing of the Motion for Sanctions, the Plaintiff's motion is not ripe for adjudication in the bankruptcy court at this time, in accordance with which:

**IT IS HEREBY ORDERED** that the Motion for Sanctions is **DENIED without prejudice** to the Plaintiff refiling after the administrative remedies available through the Internal Revenue Code have been exhausted and the Plaintiff establishes his compliance therewith, and

**IT IS FURTHER ORDERED** that the Court having interpreted the Motion for Sanctions to allege, *inter alia*, a violation by the IRS of the discharge injunction, 11 U.S.C. § 524, *see* footnote *3, infra,* the Clerk shall also docket this Memorandum and Order in Case No. 09-23646,[5] and

**IT IS FURTHER ORDERED** that in light of the resolution of the Motion for Sanctions as set forth herein, the hearing on the Motion for Sanctions, set for September 2, 2010 by the Clerk, shall be marked off as moot.

Dated: August 25, 2010                                          BY THE COURT

                                                   Albert S. Dabrowski
                                                   United States Bankruptcy Judge

---

[5] The Debtor received his discharge on March 17, 2010 (Case No. 09-23646, ECF No. 18).

5