UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------
IN RE:                                          )        CASE NO. 09-23646 (ASD)
                                                )
ROBERT F. RAE, a/k/a                            )        CHAPTER 7
ROBERT F. LILLY,                                )
                                                )
              DEBTOR                            )
---------------------------------------------------
                                                )
ROBERT F. RAE, a/k/a                            )
ROBERT F. LILLY,                                )        ADV. PRO. NO. 10-02014
                                                )
              PLAINTIFF                         )
                                                )
       v.                                       )        Re: ECF NO. 9
                                                )
UNITED STATES OF AMERICA,                       )
INTERNAL REVENUE SERVICE,[1]                    )
                                                )
              DEFENDANT                         )
---------------------------------------------------

APPEARANCES:

Robert F. Rae                                   *Pro Se*

Austin L. Furman, Esq.                          Attorney for Defendant
United States Department of Justice
P.O. Box 55
Ben Franklin Station
Washington, DC 20044


**MEMORANDUM OF DECISION GRANTING DEFENDANT'S
MOTION TO DISMISS ADVERSARY COMPLAINT**

---

[1]Because "Congress has not authorized federal court actions against the Department of the Treasury and the IRS," *Galin v. I.R.S.*, 563 F.Supp.2d 332, 337 (D.Conn. 2008), and because "[a]ctions against the IRS are deemed actions against the United States," *Gavigan v. Com'r. I.R.S.*, 2007 WL 1238651, at *4 (D.Conn. April 27, 2007), the Court treats this adversary proceeding as one brought against the United States of America.

ALBERT S. DABROWSKI, United States Bankruptcy Judge

## I. INTRODUCTION

The matter before the Court is the *Defendant United States' Motion to Dismiss for Lack of Jurisdiction* (hereafter, the "Motion to Dismiss"), ECF No. 9, wherein the United States of America Internal Revenue Service (hereafter, the "IRS") seeks to dismiss the adversary complaint (hereafter, the "Complaint"), ECF No. 1, filed by Robert Rae, a/k/a Robert Lilly (hereafter, the "Plaintiff") on the grounds that this court lacks subject matter jurisdiction over the various counts alleged therein.  The Complaint contains numerous counts which, distilled to their essence, seek a determination that the Plaintiff is not liable for a $1.3 million tax assessed by the IRS, as well as civil damages and criminal penalties against the IRS for allegedly conspiring to act and acting "in bad faith and willful oppression under the color of law intentionally and recklessly with willful disregard" of the Internal Revenue Code by assessing the tax, filing liens against his property and that of his ex-wife, and seizing various assets, all of which "PROGRESSIVELY DISMANTLED AND SHATTERED PLAINTIFF'S LIFE." Complaint, at 1.  For the reasons stated hereafter, the Motion to Dismiss shall be granted and the Complaint dismissed.

## II. JURISDICTION

The United States District Court for the District of Connecticut has jurisdiction over the instant matter by virtue of 28 U.S.C. § 1334(b); and this Court derives its authority to hear and determine this proceeding on reference from the District Court pursuant to 28 U.S.C. §§ 157(a), (b)(1) and the District Court's General Order of Reference dated September 21, 1984. This proceeding implicates non-core matters as well as core matters

pursuant to 28 U.S.C. §157(b)(2)(I) and (K).

## III.  PROCEDURAL AND FACTUAL BACKGROUND

On December 16, 2009, the Plaintiff commenced the present bankruptcy case by

filing a voluntary petition under Chapter 7 of the Bankruptcy Code.  On March 1, 2010, the

Plaintiff initiated this adversary proceeding by filing the Complaint,[2] alleging, *inter alia*, that

the IRS falsely assessed a $1.3 million tax liability against him in connection with his

investment activities. The Complaint further alleges that the IRS subsequently executed

liens upon his property and that belonging to his former spouse while knowing that the

underlying assessment was improper.  Complaint at 1.  The Complaint also alleges that

as a result of the "reckless, intentional and willful actions" of the IRS in connection with

assessing and attempting to collect the tax, he suffered "irreparable harm and injury"

including, *inter alia*, a broken marriage, a decline in health, the inability to pay his child

support obligations, and the inability to obtain employment, and seeks, *inter alia*, $50

million to $100 million in compensation.  *Id*. at 1, 22-23.

Although the Plaintiff lists various statutes on the cover page of the Complaint[3], the

Complaint itself seeks, *inter alia*, relief for violations of criminal statutes which the Plaintiff

is either unauthorized to prosecute or untimely in litigating[4], and is noticeably barren of any

---

[2]The 23-page Complaint sets forth a series of unnumbered "Counts" in 104 paragraphs seeking 26 various forms of relief (Complaint, pp.22 -23, ¶¶ A-U) against the Defendant (including, *inter alia*, an award for "PRICELESS DAMAGES" totaling "$50M TO $100M", Complaint p.20, ¶ Q) and was accompanied by a 21 page Affidavit in Support of Complaint with 297 pages of Exhibits (A1 - A51) attached thereto.

[3]The cover page of the Complaint lists 26 U.S.C. §§ 7214, 7422, 7432, and 7433; 28 U.S.C. §§ 1331, 1340, 1367, 1651, 1658, 2409, and 2410; and 11 U.S.C. § 505.  Complaint, at 1.

[4]26 U.S.C. § 7214 and 18 U.S.C. § 1030.

reference, other than on the cover page, to 11 U.S.C. § 505, the statute under which the Plaintiff presumably seeks a determination of his tax liability, or any reference to 11 U.S.C. § 523, under which the Plaintiff presumably seeks a determination that his tax obligations for the years 1997 through 2006 are not excepted from discharge.  Nonetheless, "the failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of a claim. Factual allegations alone are what matters." *Northrop v. Hoffman of Simsbury, Inc.*, 134 F.3d 41, 46 (2d Cir. 1997) (quoting *Albert v. Carovano*, 851 F.2d 561, 571 n. 3 (2d Cir.1988) (en banc).

On February 25, 2010, the Chapter 7 Trustee filed a *Report of No Distribution* stating, *inter alia*, that "there is no property available for distribution from the estate over and above that exempted by law."  The Debtor was granted a discharge on March 17, 2010.  *See*, *Order Discharging Debtor*, ECF No. 18.

On April 5, 2010, the IRS filed its Motion to Dismiss, accompanied by a . . . *Memorandum in Support of its Motion to Dismiss for Lack of Jurisdiction*.  The Defendant asserts three grounds for such dismissal: (1) this Court lacks subject matter jurisdiction over this proceeding as the claims in the Complaint are not "related to" this bankruptcy case pursuant to 28 U.S.C. § 1334(b), (2) to the extent the Complaint can be read to state a claim for a determination of tax liability, this Court lacks jurisdiction as the Defendant has not waived sovereign immunity, and (3) the Debtor lacks the requisite standing. Defendant's Memorandum pp. 3 - 11. Alternatively, to the extent the Court were to find jurisdiction, the Defendant argues that "this Court should abstain from hearing those claims or making a determination of tax liabilities" *See* 28 U.S.C § 1334(c)(1). Defendant's

Memorandum, p. 9, fn 3.  After notice and a hearing held May 6, 2010, the Court took the matter under advisement.

## IV.  STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(1), made applicable to adversary proceedings by Fed R. Bankr. P. 7012(b), provides for a defense to a complaint on the grounds that the court lacks subject matter jurisdiction.    "Under Fed.R.Civ.P. 12(b)(1), '[a] case is properly dismissed for lack of subject matter jurisdiction . . . when the district court lacks the statutory or constitutional power to adjudicate it.'"  *Anderson v. Derby Bd. of Educ.*, --- F.Supp.2d ---, 2010 WL 2465431 at *3 (D.Conn. 2010) (quoting *Marakova v. United States*, 201 F.3d 110, 113 (2d Cir.2000)).   The plaintiff bears the burden of establishing the existence of subject matter jurisdiction by a preponderance of the evidence.  *Lunney v. United States*, 319 F.3d 550, 554 (2d Cir. 2003).  In determining whether this burden has been met, the Court "must construe pro se complaints liberally," *Gavigan v. Comm'r of IRS*, 2007 WL 1238651 at *3 (D.Conn., April 27, 2007), must "accept as true the factual allegations of the complaint, and construe all reasonable inferences that can be drawn from the complaint in the light most favorable to the plaintiff," *Arar v. Ashcroft*, 585 F.3d 559, 567 (2d Cir. 2009), unless such inferences relate to jurisdiction, because "jurisdiction must be shown affirmatively."  *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998)(citation omitted).

On a motion to dismiss for lack of jurisdiction, the court "must determine whether or not the factual predicate for subject matter exists."  *Tilley v. Anixter Inc.*, 283 F.Supp.2d

729, 733 (D.Conn.2003) (citation omitted).  "[W]here jurisdictional facts are placed in

dispute, the court has the power and obligation to decide issues of fact by reference to

evidence outside the pleadings . . ." *APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003)

(quoting *LeBlanc v. Cleveland*, 198 F.3d 353, 356 (2d Cir.1999)).

## V.  DISCUSSION

### A.  Violations of the Internal Revenue Code

The Complaint asserts numerous causes of action against the IRS for alleged

violations of Title 26, the Internal Revenue Code, specifically 26 U.S.C. §§ 6001, 6020,

6212, 6303, 6330, 6331, 6502, 7214, 7422, 7429, 7432, 7433, and 7491.  As an initial

matter, "[p]rivate citizens cannot enforce the provisions of the Tax Code. That is the duty

of the Secretary of the Treasury and the Commissioner of the Internal Revenue Service

. . . " *Seabury v. City of New York*, 2006 WL 1367396 (E.D.N.Y. 2006) (citing *United

States v. LaSalle Nat'l Bank*, 437 U.S. 298, 308 (1978)).  The vast majority of the Internal

Revenue Code provisions cited by the Plaintiff set forth internal IRS procedures that do

not provide for a private cause of action.

Rather, the exclusive remedy for violations of the Internal Revenue Code is

provided by § 7432[5] in conjunction with § 7433.  Section 7433 provides, in pertinent part,

> (a) If, in connection with any collection of Federal tax with respect to a taxpayer,
> any officer or employee of the Internal Revenue Service recklessly or
> intentionally, or by reason of negligence disregards any provision of this title,
> or any regulation promulgated under this title, such taxpayer may bring a
> civil action for damages against the United States in a district court of the
> United States.  *Except as provided in section 7432, such civil action shall*

---

[5] References to "§" and/or "Section" refer to sections of Title 26, United States Code, unless
otherwise particularized or patently obvious.

> *be the exclusive remedy for recovering damages resulting from such actions.*

26 U.S.C.A. § 7433(a) (emphasis added); *See  also*, *Pollinger v. United States*, 539 F.Supp.2d 242, 252 (D.D.C. 2008).   Section 7432, on the other hand, permits a party to bring suit against the United States for civil damages resulting from the knowing or negligent failure of the IRS to release a lien under § 6325.  26 U.S.C.A. § 7432 (2010). Therefore, the Court will analyze under §§ 7233 and 7234 whether the Plaintiff has sufficiently established this Court's subject matter jurisdiction over the Plaintiff's counts brought under the Internal Revenue Code.

### 1.  26 U.S.C. §§ 6001, 6020, and 6212

Section 6001 sets forth the duty of taxpayers to maintain records, provide statements, and file returns.  Section 6020 authorizes the Secretary of the Treasury to prepare and execute returns on behalf of taxpayers.  And § 6212 authorizes the Secretary to send a notice of deficiency upon determining that such a deficiency exists, starting the clock to enable the taxpayer to request a redetermination.  As such, these provisions relate to the determination of a tax rather than the collection thereof.  "Section 7433 . . . says that a taxpayer may sue only if an IRS agent disregards a statute or regulation 'in connection with any *collection* of Federal tax.'"  *Gonsalves v. I.R.S.*, 975 F.2d 13, 16 (1st Cir. 1992) (emphasis in original).  "The legislative history of Section 7433  tells us that 'an action under this provision may not be based on alleged . . . disregard in connection with the determination of tax.'" *Id*. (quoting *Conf.Rep. No. 1104, 100th Cong., 2d Sess.*, at 229, reprinted in 1988-3 *Internal Revenue Cum.Bull.* 473, 719).  *See also*, *Bjerke v. Freemyer*, 25 Fed.Appx. 577, 578-579 (9th Cir. 2001) ("Section 7433 is limited to actions taken in

connection with the collection of taxes. A taxpayer cannot seek damages under § 7433 for improper assessment of taxes . . . A claim that the IRS failed properly to notice deficiencies addresses the merits of an assessment.") (internal citations omitted).

### 2. 26 U.S.C. §§ 6303, 6331, and 6502

Section 6303 authorizes the Secretary to issue a notice to a taxpayer, making a demand for payment for a tax assessed against that taxpayer. Section 6331 authorizes the Secretary to levy upon the property of a taxpayer who does not timely pay an assessed tax. And § 6502 sets forth the methods and time periods for collecting an assessed tax. As such, these sections may be properly categorized as collection actions within the scope of § 7433. *See*, *Miller v. United States*, 763 F.Supp. 1534, 1543 (N.D.Cal.1991)("[T]he notice and demand for payment constitute a collection action, as does the filing of a notice of tax lien.").

However, the Plaintiff indicates that, in connection with these statutes, the acts of IRS employee Patrick Dillon occurred "[o]n or about February 7, 2006 or soon thereafter." Complaint, ¶ 67. Section 7433(d)(3) provides that "an action to enforce liability created under this section . . . may be brought only within 2 years after the date the right of action accrues." Under § 7433, "[a] cause of action . . . accrues when the taxpayer has had a reasonable opportunity to discover all essential elements of a possible cause of action." 26 C.F.R. § 301.7433-1(g)(2). Consequently, to the extent the Complaint asserts violations of §§ 6303, 6331[6], and 6502, the relevant counts are barred by the statute of

---

[6] The Court notes that the Plaintiff also fails to allege that any tangible personal property was seized. *See*, *Dourlain v. I.R.S.*, 2008 WL 4605958 at *3 (N.D.N.Y. 2008)("because the levy at issue involved intangible property, the levy was made upon service of the Notice of Levy, and the IRS was not required to serve a Notice of Levy followed by a Notice of Seizure") (internal citation omitted).

limitations, thereby depriving this Court of jurisdiction.

A statute of limitations is ordinarily an affirmative defense that must be raised in a responsive pleading. *See*, Fed. R. Civ. P. 8(c)(1). Although the IRS has not raised this affirmative defense, the Motion to Dismiss does raise the defense of sovereign immunity, which necessarily implicates the statute of limitations in suits against the United States.

> Under settled principles of sovereign immunity, the United States, as sovereign, is immune from suit, save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit. A statute of limitations requiring that a suit against the Government be brought within a certain time period is one of those terms.

*United States v. Dalm*, 494 U.S. 596, 608 (1990) (internal citations and quotations omitted); *see also*, *Gavigan*, *supra* at *6 ("statutes of limitation are jurisdictional in tax cases").

### 3. 26 U.S.C. § 6330

Section 6330 requires the Secretary of the Treasury to provide written notice to an individual of his right to a Collection Due Process hearing (hereafter, the "CDP Notice") before a levy may be placed upon that individual's property, except in the case of certain levies not applicable here. The Plaintiff contends that because he never received a notice of his right to a hearing prior to the issuance of the Notice of Levy or Notice of Federal Tax Lien, the IRS violated § 6330. However, the failure to receive such a notice does not affect its validity. *See*, 26 C.F.R. § 301.6330-1(a)(3) A-9 (2006) ("Actual receipt is not a prerequisite to the validity of the CDP Notice."). The Plaintiff bears the burden of proof with respect to subject matter jurisdiction, and he has not met this burden by presenting sufficient evidence from which the Court could find that the IRS failed to send the Plaintiff

a CDP Notice, or that in the absence of such notice, the Plaintiff requested an equivalent

hearing in writing. *See*, 26 C.F.R. § 301.6330-1(i)(1) (2006) ("A taxpayer who fails to make

a timely request for a CDP hearing is not entitled to a CDP hearing. Such a taxpayer may

nevertheless request an [equivalent] administrative hearing . . .").

Furthermore, § 6330(d)(1) states that a taxpayer "may, within 30 days of a

determination under this section, appeal such determination to the Tax Court (and the Tax

Court shall have jurisdiction with respect to such matter)." The Plaintiff having failed to

establish that he exhausted his administrative remedies by appealing the § 6330

determination to the Tax Court, this Court lacks jurisdiction over the cause of action.

"Many bankruptcy courts have consistently recognized that waivers of immunity in §§ 7430

and 7433 will deprive them of jurisdiction if the plaintiff did not comport with the

requirements set forth in the statutes." *Kovacs v. United States*, 391 B.R. 820, 824

(E.D.Wis. 2008).

### 4. *26 U.S.C. § 7214*

Section 7214 is a criminal statute, and the Plaintiff lacks the authority to bring suit

thereunder. As a matter of law, this Court lacks subject matter jurisdiction over alleged

violations of criminal statutes. *See*, *e.g.*, *Medlin v. Comm'r (In re Medlin)*, 269 B.R. 591,

594 (Bankr. D.N.C. 2001) ("This [bankruptcy] court has no jurisdiction over criminal

matters, which, in turn, are generally unaffected by bankruptcy proceedings.").

### 5. *26 U.S.C. § 7422*

Section 7422, which permits tax refund suits against the United States, is cited on

the cover page of the Complaint but reference thereto is noticeably absent from the body

of the Complaint.     Nonetheless, "the full payment rule requires as a prerequisite for federal court jurisdiction over a tax refund suit, that the taxpayer make full payment of the assessment, including penalties and interest."  *Magnone v. United States*, 902 F.2d 192, 193 (2d Cir. 1990)(citing *Flora v. United States*, 357 U.S. 63 (1958), *aff'd on rehearing*, 362 U.S. 145 (1960)).  The Plaintiff herein has failed to establish that he has satisfied this jurisdictional prerequisite.

### 6.  26 U.S.C. § 7429

"Before a taxpayer may seek judicial review of an assessment in district court under 26 U.S.C. § 7429(b), two procedural requirements must be met. First, [the] plaintiff must have filed a request for administrative review, and second, [the] plaintiff must have filed his civil case within either 90 days of a determination by the Secretary, or the 16th day after filing a request for review, whichever is earlier. 26 U.S.C. § 7429(b)(1)."  *Cooley v. I.R.S.*, 2002 WL 508347 at *1 (E.D.N.Y. 2002).  Because the Plaintiff has not presented a sufficient factual basis that he filed a request for administrative review pursuant to 26 U.S.C. § 7429(a)(2) within the requisite time period, this Court lacks subject matter jurisdiction over the count.  *See*, *Wapnick v. United States*, 112 F.3d 74 (2d. Cir. 1997).

### 7.  26 U.S.C. § 6325 (via 26 U.S.C. § 7432)

The Plaintiff alleges that on or about May 23, 2005, the IRS placed tax liens on 101 and 103 Canal Street in Winchester, Massachusetts, in the amount of $792,207.76, and that the IRS "knowingly refused to release the notice of lien as required by 26 U.S.C. -

6325 et Seq. (sic)." Complaint, ¶ 78.  Under § 7432(a), "Congress has expressly waived

sovereign immunity for taxpayers alleging that an employee or official of the IRS did not

release a lien pursuant to § 6325(a)(1)." *Gavigan v. Com'r. I.R.S.*, *supra*, at *4 (D.Conn.

2007).  However, an action brought pursuant to § 7432 must be brought "only within 2

years after the date the right of action accrues." 26 U.S.C. § 7432(d)(3).  Pursuant to this

section,  "[a] cause of action accrues when the taxpayer has had a reasonable opportunity

to  discover  all  essential  elements  of  a  possible  cause  of  action." 26 C.F.R. §

301.7432-1(i)(2).  By the Plaintiff's own factual admissions, he was aware of the tax liens

as of approximately May 23, 2005.  The Plaintiff commenced this adversary proceeding

nearly five years after the cause of action accrued, exceeding the statute of limitations.

Consequently, the Plaintiff is time-barred from bringing a cause of action pursuant to §

7432, depriving this Court of subject matter jurisdiction.

### 8.   26 U.S.C. § 7491

The Plaintiff's Complaint alleges that IRS Revenue Officer Patrick Dillon "failed to

meet the requirements of 26 U.S.C. - 7491 - which prohibits the confidential disclosure of

records and private information."  Complaint, ¶¶ 47, 52.  Noticeably, Section 7491 does

not pertain to  confidential disclosures.  Rather, this provision merely sets forth the burden

of proof in matters involving the determination of a tax liability under subtitle A or B of Title

26.  As such, § 7491 does not confer a private cause of action upon a party.

To the extent that the Plaintiff intended to refer to 26 U.S.C. 7431, titled "Civil

damages for unauthorized inspection or disclosure of returns and return information," the

only evidence set forth by the Plaintiff in support of this count, and this Court's jurisdiction

over it, is a reference to Plaintiff's Exhibit A-47 which merely provides the text of various statutes. Parsing this exhibit, the Court finds that the Plaintiff appears to assert that by submitting Form 2039 to third parties before establishing the Plaintiff's tax liability, the IRS violated § 6103, which generally prohibits the IRS from disclosing confidential information in returns. However, the preamble to § 6103(a) explicitly states that the confidentiality of return information is applicable "except as authorized by this title," and Title 26 authorizes certain disclosures particularly to assist the IRS in ascertaining tax liability. *See*, 26 U.S.C. § 7602. Therefore, the Plaintiff has not sufficiently alleged any disclosure violation that would confer jurisdiction upon this Court. In any event, the Plaintiff is barred by the two year statute of limitations for bringing such actions. *See*, 26 U.S.C. 7431(d).

**9.** ***Conclusion as to Causes of Action Under the Internal Revenue Code***

For the foregoing reasons, this Court lacks subject matter jurisdiction over all of the Plaintiff's causes of action brought under provisions of the Internal Revenue Code.

**B. Remaining Counts**

**1.** ***18 U.S.C. § 1030***

The Plaintiff also seeks relief pursuant to the Computer Fraud and Abuse Act (hereafter, "CFAA"), 18 U.S.C. § 1030. Complaint, ECF No. 1, at 21. Although primarily a criminal statute, the CFAA does provide for a civil cause of action, contrary to the assertions of the IRS. *See*, *Modis, Inc. v. Bardelli*, 531 F.Supp.2d 314, 319 (D.Conn. 2008) ("CFAA provides that a civil action for compensatory damages or injunctive or equitable relief may be maintained by any 'person who suffers damage or loss' due to a violation of CFAA.")(quoting 18 U.S.C. § 1030).

13

However, the provision of the CFAA authorizing a plaintiff to maintain a civil action

for damages is found in subsection (g), which contains the following caveat:

> No action may be brought under this subsection unless such action is begun
> within 2 years of the date of the act complained of or the date of the discovery
> of the damage.

18 U.S.C.A. § 1030(g).

The Plaintiff alleges as the relevant act that "[d]efendant's unknown employees

assigned IMF entering a substitute for return (SFR) entry in the TC 150 transcripts for tax

years 2000 and 2001," Complaint, ECF No. 1, at 5, that such act occurred "on or about

February 14, 2005," and that the Plaintiff discovered the damage by at least May 23, 2005,

when IRS Revenue Officer Lynch issued a "Notice of Federal Tax Lien" in the amount of

$92,207.76 for the tax years 1997 through 2001.   Therefore, despite the right of the

Plaintiff to bring a civil action for damages under 18 U.S.C. § 1030 (g), the Plaintiff's cause

of action, even if otherwise viable, is barred by the two year statute of limitations.

### 2.  *28 U.S.C. §§ 1340, 2409, and 2410*

"Section 1340  grants the federal district courts original jurisdiction of any civil

action

arising under any Act of Congress providing for internal revenue . . . "  *Pollinger v. United*

*States*, 539 F.Supp.2d 242, 251 (D.D.C. 2008) (quoting *Aqua Bar & Lounge v. U.S. Dep't*

*of Treasury*, 539 F.2d 935, 936 (3d Cir.1976);  *United States v. Coson*, 286 F.2d 453,

455-56 (9th Cir.1961)).   While 28 U.S.C. §1340 does not waive the government's

sovereign immunity, 28 U.S.C. § 2410 "constitutes a waiver of sovereign immunity to a suit

brought by a taxpayer against the United States which challenges the validity of a federal

14

tax lien . . . [but only] so long as the taxpayer refrains from contesting the merits of the

underlying tax assessment itself.*" Aqua Bar & Lounge*, *supra* at 939-40; *see also*, *Falik v.*

*United States*, 343 F.2d 38 (2d Cir.1965). Because the Plaintiff is contesting not only the

validity of the IRS' liens but also the validity of the tax assessment that is the subject of

those liens, there is no waiver of sovereign immunity by the United States under 28 U.S.C.

§§1340 and 2410.

 In addition, the Plaintiff has not alleged in the Complaint any factual basis sufficient

to confer subject matter jurisdiction pursuant to 28 U.S.C. §2409, which permits a civil

action for the partition of real property in which the United States has a tenancy interest.

### 3.  28 U.S.C. § 1658

28 U.S.C. § 1658 provides,

(a)  Except as otherwise provided by law, a civil action arising under an Act
      of Congress enacted after the date of the enactment of this section may
      not be commenced later than 4 years after the cause of action accrues.

(b)  Notwithstanding subsection (a), a private right of action that involves a
      claim of fraud, deceit, manipulation, or contrivance in contravention of
      a regulatory requirement concerning the securities laws . . . may be
      brought not later than the earlier of–

            (1) 2 years after the discovery of the facts constituting the violation; or

            (2) 5 years after such violation.

28 U.S.C.A. § 1658.

 Title 28, U.S.C. Section 1658 does not provide a private right of action in itself. To

the extent that the Plaintiff relies upon 28 U.S.C.A. § 1658(a), this subsection is

inapplicable to other statutes that supply their own limitations period, and to the extent that

15

the Plaintiff relies upon 28 U.S.C.A. § 1658(b) to state a claim under the securities laws,

his claims are barred by the earlier two year statute of limitations in 28 U.S.C. §

1658(b)(1).  Therefore, on either ground, the Court lacks subject matter jurisdiction over

this count.

### 4.   *28 U.S.C. § 1367*

Title 28, U.S.C. § 1367 provides a Court with supplemental jurisdiction over other

claims "in any civil action of which the district courts have original jurisdiction."  28 U.S.C..

1367 (2010).  There must be an independent basis for this Court's jurisdiction in the first

instance before supplemental jurisdiction can be invoked over other claims.  Furthermore,

28 U.S.C. § 1367 does not operate as a waiver of sovereign immunity by the United

States, and the United States cannot be sued without its consent.  *See*, *San Juan Co.,*

*Utah v. United States*, 503 F.3d 1163, 1181 (10th Cir.2007) ("Section 1367(a) is expressed

in general terms, applying to all litigants . . . Under settled law, ... this statute does not

waive federal sovereign immunity.").

### 5.   *28 U.S.C. §§ 1331 and 1651*

"Section 1331 of Title 28 of the Code is merely the general federal question

jurisdictional statute," and does not constitute a waiver of sovereign immunity.  *Matter of*

*Johnson*, 55 B.R. 800, 805 (Bankr. E.D.Va. 1985) (citing *Blackmar v. Guerre*, 342 U.S.

512, 515, 72 S.Ct. 410, 411, 96 L.Ed. 534 (1952); *Provenza v. Rinaudo*, 586 F.Supp. 1113,

1117 (D.Md.1984)).

Likewise, 28 U.S.C. § 1651 does not confer subject matter jurisdiction on this Court.

Title 28 U.S.C. § 1651 is also known as the "All Writs Act," and "[t]he All Writs Act itself

does not afford independent grounds for a court's jurisdiction." *In re GTI Capital Holdings,*

*LLC*, 420 B.R. 1, 11 (Bankr. D.Ariz. 2009) (quoting *Newby v. Enron Corp.*, 302 F.3d 295,

300 (5th Cir.2002), *cert. denied*, 537 U.S. 1191, 123 S.Ct. 1270, 154 L.Ed.2d 1024 (2003))

(internal quotation marks omitted).

### 6.  Constitutional Violations

To the extent that the Plaintiff's Complaint asserts causes of action pursuant to the

Constitution of the United States, such counts also do not confer subject matter jurisdiction

upon this Court because the United States has not extended its waiver of sovereign

immunity to such suits.

> [The] waiver of immunity under § 7432 and § 7433 . . . is limited.  These
> sections "authorize suits only where an IRS agent has violated the taxing
> statutes or the regulations promoted under them." *Gonsalves*, 975 F.2d at
> 16. The United States, however, has not waived its immunity from suit for
> damages arising from constitutional violations. Id. at 15.

*Morell v. U.S.*, 185 F.R.D. 116, 119-120 (D.P.R. 1999) (citing *Gonsalves v. I.R.S.,* 975 F.2d

13 (1st Cir. 1992)).


### 7.  11 U.S.C. § 505

Viewed most favorably to the Plaintiff, the Complaint appears to seek a

determination of the Plaintiff's tax liability under Bankruptcy Code § 505.  That section

gives bankruptcy courts the authority to determine a debtor's tax liability by providing, in

pertinent part,

> (a) (1) Except as provided in paragraph (2) of this subsection, the court may
>        determine the amount or legality of any tax, any fine or penalty relating

17

to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

11 U.S.C. § 505(a)(1).  The Second Circuit has held that this statutory language renders the jurisdiction of the bankruptcy court under 11 U.S.C. § 505(a)(1) permissive.  *See*, *New Haven Projects Ltd. Liability Co. v. City of New Haven et. al.*, 225 F.3d 283, 287 (2d Cir. 2000)(Court's authority to redetermine tax liability under 11 U.S.C. § 505(a)(1) is discretionary).

"Although the United States and its agency, the Internal Revenue Service, are immune from suit except where Congress waives that immunity, section 505 of the Bankruptcy Code allows the court to determine the tax liability of a debtor."  15 Collier on Bankruptcy ¶ TX5.04[2][a]  (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev.)(citing, e.g., *In re Gurley v. U.S.*, 347 B.R. 312 (Bankr. W.D.Tenn. 2006)).  The Bankruptcy Reform Act of 1994 specifically amended Bankruptcy Code Section 106 to include a waiver of sovereign immunity for a determination of tax liability under Bankruptcy Code Section 505. Therefore, there is no question that this Court has the *authority* to determine the Plaintiff's tax liability.

Whether this Court exercises its discretion to do so is dependent upon the circumstances of a particular case.  According to the Second Circuit,

bankruptcy courts have properly looked to a number of factors when deciding whether to exercise their authority under 11 U.S.C. § 505, including
(1) the complexity of the tax issue;
(2) the need to administer the bankruptcy case in an expeditious fashion;
(3) the burden on the bankruptcy court's docket;
(4) the length of time necessary to conduct the hearing and to render a decision thereafter;
(5) the asset and liability structure of the debtor; and

(6) the potential prejudice to the debtor, the taxing authority, and creditors.

*New Haven Projects Ltd. Liability Co. v. City of New Haven et. al.*, 225 F.3d 283, 289 (2d

Cir. 2000) (citations omitted).  *See also*, *In re Depasture*, 419 B.R. 518 (Bankr. M.D. Ga.

2009).  These factors weigh heavily in favor of this Court abstaining from exercising its

jurisdiction, especially in light of the legislative history of Bankruptcy Code Section 505,

which indicates that the purpose of the statute is twofold:

> First is the need to "afford a forum for the ready determination of the legality or
> amount of tax claims, which determination, if left to other proceedings, might
> delay conclusion of the administration of the bankruptcy estate." *In re Diez*,
> 45 B.R. 137, 139 (Bankr.S.D.Fla.1984). Second, "Congress was concerned
> with protecting creditors from the dissipation of an estate's assets which could
> result if creditors were bound by a tax judgment which the debtor, due to its
> ailing financial condition, failed to contest." *In re American Motor Club, Inc.*,
> 139 B.R. 578, 581 (Bankr.E.D.N.Y.1992).

*In re Gossman*, 206 B.R. 264, 266 (Bankr. N.D.Ga. 1997).

The matter before the Court is a no-asset Chapter 7 case.  Some courts have

indeed exercised their discretionary jurisdiction under Bankruptcy Code Section 505 in

such cases to determine tax liability.  *See, e.g.*, *In re D'Alessio*, 181 B.R. 756, 761 (Bankr.

S.D.N.Y. 1995) ("Had Congress wanted to except a large segment of the debtor population

from this statutory right, it would have included another subsection to § 505 which

excludes from review tax disputes in no-asset cases.").  However, "[t]he majority approach

is to conclude that neither of the above two purposes--prompt administration of the

bankruptcy case and protection of creditor interests--would be served by a determination

of a chapter 7 debtor's tax liability in no-asset chapter 7 cases."  *In re Shapiro*, 188 B.R.

140, 144 (Bankr. E.D.Pa. 1995) (citing cases).

A court "may and should abstain from determining a tax controversy in a no-asset

Chapter 7 case involving no parties other than the Debtor and the IRS . . ."  *In re Ferguson*, 1993 WL 659172, at *2 (Bkrtcy. W.D.Va.) (December 30, 1993)(internal quotations omitted).  Therefore, this Court declines to exercise its discretionary subject matter jurisdiction over the determination of the Plaintiff's tax liability in his no-asset Chapter 7 case.

### 8.  Plaintiff's Count Asserting Dischargeability of Tax Debt

Construing the Complaint liberally, the Court finds that the Plaintiff also seeks a discharge of his tax debts owing to the IRS for tax years 1997 through 2006.  Complaint at 12, ¶ 54; *id*. at 22, ¶ B.  The Supreme Court has held that

> [o]nly Congress may determine a lower federal court's subject-matter jurisdiction. U.S. Const., Art. III, § 1.  Congress did so with respect to bankruptcy courts in Title 28 (Judiciary and Judicial Procedure); in cataloging core bankruptcy proceedings, Congress authorized bankruptcy courts to adjudicate, inter alia, *objections to discharge*.

*Kontrick v. Ryan*, 540 U.S. 443, 452-453 (2004)(emphasis added).  However, the record of this case reveals that IRS has not filed an objection to discharge, nor has the Plaintiff filed a claim on behalf of the IRS and an objection thereto.  *See*, *Trustee's Report of No Distribution* (stating "Claims Asserted: Not Applicable").  "Even in a no asset case, the debtor may choose to file a claim on behalf of the IRS and object to it in order to create a jurisdictional basis for the determination of its tax liability, or the dischargeability thereof, by the bankruptcy court." 15 Collier on Bankruptcy ¶ TX 5.03[4] (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev.); *see also*, *In re Kilen*, 129 B.R. 538 (Bankr. N.D.Ill. 1991). No objection having been filed to the discharge of the Plaintiff's tax debts for 1997 through 2006, that matter is not properly before the Court at this time.  Therefore, insofar as the

Plaintiff's Complaint seeks a discharge of his tax debts, the Motion to Dismiss shall be granted.

## VI.  CONCLUSION

For the foregoing reasons, the Motion to Dismiss this adversary proceeding for lack of subject matter jurisdiction shall be **GRANTED** as to all counts and causes of action in the Complaint – 26 U.S.C. §§ 6001, 6020, 6212, 6303, 6330, 6331, 6502, 7214, 7422, 7429, 7432, 7433, and 7491; 18 U.S.C. § 1030; 28 U.S.C. §§ 1331, 1340, 1367, 1651, 1658, 2409, and 2410; the count to determine tax liability pursuant to 11 U.S.C. § 505; the count to discharge tax debts for 1997 through 2006; and counts pursuant to the First, Fourth, Fifth, Ninth, and Fourteenth Amendments to the Constitution – in accordance with which the Complaint shall be dismissed in its entirety. An order to that effect shall enter simultaneously herewith.

Dated: August 25, 2010                                    BY THE COURT

Albert S. Dabrowski
United States Bankruptcy Judge